IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL WILSON, #230202, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:17-CV-381-WKW |
| ) | (WO) |
| KAY IVEY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Joseph Michael Wilson ("Wilson"), a frequent federal litigant presently incarcerated at the Bibb Correctional Facility. In the instant complaint, Wilson alleges that correctional officials have failed to enforce applicable non-smoking guidelines and continue to sell tobacco products to inmates resulting in his exposure to second hand smoke since his return to incarceration within the Alabama prison system in December of 2016. *Doc. No. 1* at 2.

**II. DISCUSSION**

Upon initiation of this case, Wilson filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The undersigned takes judicial notice of federal court records which establish that Wilson, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit.[2] The actions on which this court relies in finding a § 1915(g) violation by the plaintiff include: (1) *Wilson v. Moore, et al.*, Civil Action No. 3:04-CV-1207-MHT-VPM (M.D. Ala. 2005); (2) *Wilson v. Pryor, et al.*, Civil Action No. 2:04-CV-1052-MEF-VPM (M.D. Ala. 2004); and (3) *Wilson v. First Baptist Church of Dadeville, Ala.*, Civil Action No. 3:04-CV-1004-MHT-VPM (M.D. Ala. 2005).

In this case, Wilson complains that correctional officials refuse to "strictly enforce 'no smoking'" guidelines which prohibit smoking in state prison facilities and allow the sale of tobacco products at prison canteens to all inmates. *Doc. No. 1* at 2-3. The claims presented herein are substantially similar to those raised by Wilson in *Wilson v. Riley, et*

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated Rivera but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

[2] In determining whether Wilson has three strikes, this court may take judicial notice of its own records. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

*al.*, Civil Action No. 2:07-CV-891-WKW-WC (M.D. Ala. 2007). In that case, this court found that Wilson was in violation of the "three strikes" provision set forth in 28 U.S.C. § 1915(g) and further determined that his claims did not entitle him to relief under the "imminent danger" exception provided by the statute. *Id*. Specifically, in adopting the Recommendation of the Magistrate Judge, Judge Watkins held as follows;

> In evaluating whether a plaintiff is under danger of [a] serious physical condition, "the issue is whether [the complaint] as a whole, alleges imminent danger of serious physical injury. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). . . . Wilson's complaint does allege that he has suffered physically because he is allergic to cigarette smoke. . . . [Nevertheless], Wilson has not shown that he faces imminent, serious physical injuries from the smoking at the prison. While second hand smoke can cause health problems, these potential ailments are not sufficiently imminent to allow Wilson and exception to the frequent filer provision of 28 U.S.C. § 1915(g).

*Wilson v. Riley, et al*., 2007 WL 3120133 at *1 (M.D. Ala. Oct. 23, 2007).

The court has carefully reviewed the claims for relief presented herein by Wilson. Based on this review and the opinion issued by the court in *Wilson v. Riley, et al*., *supra*., the court finds that the allegations made by Wilson fail to demonstrate he was "under imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (Imminent

danger exception available only when the consequence "is [an impending] 'serious physical injury[.]'"). Consequently, Wilson cannot avoid the "three strikes" bar of 28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that Wilson's motion for leave to proceed *in forma pauperis* is due to be denied and this case summarily dismissed without prejudice as Wilson failed to pay the requisite filing and admininstrative fees upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Joseph Michael Wilson (Doc. No. 2) be DENIED.

2. This case be dismissed without prejudice for the plaintiff's failure to pay the full filing and administrative fees upon the initiation of this case.

It is further

ORDERED that on or before **June 29, 2017** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal

4

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of June, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE